JOE WEISS v. PACIFIC MUTUAL LIFE INSURANCE COMPANY.

(Filed 8 March, 1939.)

1. **Insurance § 13—**

The rule that any ambiguity in an insurance contract should be resolved in favor of insured does not justify the creation of ambiguity by strained construction of ordinary words, when no ambiguity would otherwise exist.

2. **Insurance § 29—**

Since insurer may exempt all provisions relating to disability benefits from the incontestability clause of the policy, the extent to which it does so is to be determined by the language used in the excepting phrase of the incontestability clause.

3. **Same—Language of incontestability clause held not to preclude insurer from setting up fraud as defense to liability for disability benefits.**

The incontestability clause in the policy in suit provided that the policy and application should constitute the entire contract and should be incontestable after the period stated, except as to the conditions and provisions relating to disability benefits. The provisions of the policy relating to disability benefits made certain restrictions and limitations to the liability for disability payments. *Held:* The language of the incontestability clause excluded from its provision the whole portion of the policy relating to disability benefits, and insurer's contention that it excepted only the restrictions and limitations specifically enumerated in the disability clause of the policy is untenable, and in an action on the disability clause insured's motion to strike from the answer allegations setting up the defense that the policy was obtained by false and fraudulent representations, is properly denied.

APPEAL by plaintiff from *Pless, J.,* at January Term, 1939, of BUN-COMBE. Affirmed.

*J. M. Horner, Jr., for plaintiff, appellant.*
*Jones, Ward & Jones for defendant, appellee.*

SCHENCK, J. This is an appeal by the plaintiff from a denial of his motion to strike from the answer of the defendant certain allegations to the effect that two policies of life insurance issued to him, the liabilities of which had been assumed by the defendant company, had been obtained by false and fraudulent representations. The action is to recover the benefits under a clause in the policies which reads: "Should the insured, . . . while this policy is in full force, become permanently totally disabled, . . . the company . . . will, during the continuance of such disability, waive the payment of all future premiums . . . and pay a monthly income of $50.00. . . ." The policies, which are identical, were issued 22 November, 1934, and the premiums due thereon have been paid by the plaintiff up to the time of the institution of this action on 4 April, 1938. It is alleged in the complaint that the plaintiff became permanently and totally disabled by reason of pulmonary tuberculosis on 12 June, 1937. The answer denies the disability of the plaintiff, and as a further defense alleges that said policies were procured by false and fraudulent representations by the plaintiff as to his name, residence, identity, age, state of health, and family record.

The plaintiff moved the court to strike from the answer the allegations of false and fraudulent representations as being "irrelevant, redundant, immaterial and not the basis for a defense in law to the suit of the plaintiff," and contended that such defense was not available to the defendant by reason of the incontestibility clause contained in the policies sued on. This clause reads: "This policy and the application therefor constitute the entire contract between the parties and such contract shall be incontestable after it shall have been in force for two years from the date of the policy, . . . except as to the conditions and provisions relating to benefits in event of permanent total disability."

The policies under the title "General Conditions and Provisions" reserve to the company the defense that it will not pay disability benefits if the insured is injured from being in any vehicle for aerial navigation which is not a scheduled airline carrier, and that it will not be liable for income payments in excess of what the insured was making prior to the time he became disabled, and also make provision for the termination of disability.

It is the contention of the plaintiff that the words "except as to the conditions and provisions relating to benefits in event of permanent total disability" refer only to defenses mentioned in the policies relating to the insured being injured in aerial navigation, nonpayment of benefits in excess of insured's income, etc., and since the further answer does not allege any of these defenses, the defenses therein alleged are precluded by the incontestability clause and should be stricken out of the pleadings.

It is the contention of the defendant that the words "except as to the conditions and provisions relating to benefits in event of permanent total disability" are not limited in their application to the defenses mentioned in the policy under "General Conditions and Provisions," but are general in their application and refer to all provisions in the policy relating to permanent total disability benefits.

While it is the rule that where there is any ambiguity in an insurance policy such ambiguity should be resolved in favor of the insured, such rule does not require the court by strained construction of ordinary words to create an ambiguity which would not otherwise exist.

The plaintiff relies upon the case of *Ness v. Mutual Life Insurance Co. of New York,* 70 Fed. (2d), 59, wherein it was held that the defenses excepted from the operation of the incontestability clause were those enumerated in the sections to which specific reference was made in the exception.

The defendant relies upon the case of *Equitable Life Assurance Society of U. S. v. Deem,* 91 Fed. (2d), 569, wherein it was held that there was excepted from the operation of the incontestability clause the whole portion of the policy relating to disability benefits.

It is settled law that the insurer has the power to except from the incontestability clause all provisions relating to disability benefits, and in interpreting the excepting phrase the only question is whether the wording used discloses a purpose definitely so to do.

In the *Ness case, supra,* the excepting phrase is quite different from that in the *Deem case, supra,* and the phrase in the *Deem case* is practically the same as the phrase in the instant case. In the instant case there is no ambiguity or uncertainty in the excepting phrase. The wording naturally suggests itself to express the thought intended. The words "provisions relating to benefits in event of permanent total disability" are comprehensive in scope and embrace all such provisions in the policy, and, as was said in the case of *Connecticut General Life Insurance Co. v. McClellan,* 94 Fed. (2d), 445, in speaking of the language of the excepting phrase of the policy under consideration, "It is unambiguous, clear, so clear that, in our opinion, to argue the point would be an attempt to overclarify it."

We are of the opinion, and so hold, that his Honor was correct in ruling that the allegations of false and fraudulent representations made in procuring the policies were not irrelevant and immaterial to the cause of action alleged in the complaint by reason of the incontestability clause contained in said policies, and in denying the motion to strike from the answer such allegations.

It is interesting to note that the senior judge in the *Ness case, supra,* and in the *Deem case, supra,* was one and the same person, Honorable *John J. Parker, Circuit Judge,* and that apparently there was no conflict in the decisions of these two cases in so far as his mind was concerned, the difference in the result being due to the difference in the wording of the excepting phrases in the policies involved in the respective cases.

The judgment of the Superior Court is
Affirmed.